

**FILED**
**Dec 10, 2018**
**11:49 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **QIAO ZHOU,** | ) | **Docket No. 2018-08-0640** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 38746-2018** |
| **YUMS SUBS,** | ) | |
| **Uninsured Employer.** | ) | **Judge Deana C. Seymour** |

## EXPEDITED HEARING ORDER DENYING BENEFITS
_____

This matter came before the Court on November 14, 2018, for an Expedited Hearing. Mr. Zhou claimed benefits for injuries he suffered on June 28, 2017. Yums Subs argued that Mr. Zhou neither worked for Yums nor suffered a work-related injury. The central legal issue is whether Mr. Zhou demonstrated he is likely to prevail at a hearing on the merits. The Court holds he failed to meet his burden and denies the requested benefits.[1]

### History of Claim

Mr. Zhou worked as a cook for Yums. He claimed he injured his back when he jumped from a second-floor window during an argument with the owner's husband, Ming Chi. When Yums denied workers' compensation benefits, he filed a Petition for Benefit Determination.

The Bureau initiated an insurance-coverage investigation, and the parties stipulated to the report's introduction into evidence. The Bureau investigator identified Yums as an uninsured sole proprietorship on the day of Mr. Zhou's injury. The parties agreed that Yums employed Mr. Chi as a part-time cook, but the parties disagreed on whether Mr. Zhou worked for Yums at the time of his injury. The investigator found the owner's minor children occasionally worked the front counter but did not receive pay.

---

[1] Yums filed a Motion to Dismiss challenging the applicability of the Workers' Compensation Law to this claim. However, this potentially dispositive motion did not allow Mr. Zhou thirty days to respond before this Expedited Hearing. Thus, the Court applied the standard of proof under Tennessee Code Annotated section 50-6-239(d) (2018).

The investigator also determined that the owner, Ms. Xiuyun Chi, allowed Mr. Zhou to live in her apartment while working for Yums. Before Yums fired Mr. Zhou, it employed three people: Mr. Chi, an unnamed cook, and Mr. Zhou. Ms. Chi worked but did not receive wages.

Both parties provided a different account of the incident that led to the injury. According to Mr. Zhou, a robbery occurred at Yums five days before his injury.[2] Mr. Zhou did not resist the robbers, which angered Mr. Chi. A few days later, Mr. Chi reprimanded Mr. Zhou and terminated him for burning Yums' ribs. Fearing for his safety, Mr. Zhou retreated to his apartment. The next morning, Mr. Chi stopped by the apartment and told Mr. Zhou to leave, since he no longer worked for Yums. Mr. Zhou discovered Mr. Chi locked him inside the apartment. Mr. Zhou kicked out the window and jumped to the ground.

In contrast, Mr. Chi testified that he fired Mr. Zhou the day before he suffered injuries because Mr. Zhou burned Yums' ribs. Mr. Chi went to Mr. Zhou's apartment the next morning and told him to get out. The men fought and fell from the window.

### Findings of Fact and Conclusions of Law

Mr. Zhou must prove the essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must present sufficient evidence for the Court to determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

The determinative issue is whether an employer-employee relationship existed within the meaning of the Tennessee Workers' Compensation Law at the time of his injury. Three elements must exist for an employment relationship: an employee, an employer, and a contract for hire. Tenn. Code Ann. § 50-6-102(12)(A).

An "employee" includes every person under a "contract of hire" in service to an "employer." *Id.* Here, Mr. Zhou did not produce a written employment agreement. Further, by his own admission, he last worked for Yums on June 27, but sustained injuries on June 28. Mr. and Ms. Chi confirmed Yums last employed Mr. Zhou on June 27, the afternoon before the injury. The Court holds Mr. Zhou failed to sufficiently prove that Yums employed him on June 28, the date of his injury.

In addition the Court finds that Yums did not employ five persons for pay as required to be subject to the Workers' Compensation Law. "Employer" is defined as "any individual, firm, association or corporation . . . using the services of not less than five (5)

---

[2] Mr. Zhou testified with assistance from a state-registered Mandarin interpreter.

persons for pay[.]" Tenn. Code Ann. §50-6-102(13). Mr. Zhou argued Yums employed six people at the time of his injury, including Mr. and Ms. Chi, their two minor children, an unnamed employee, and himself. Ms. Chi countered that Yums only paid wages to three individuals: Mr. Chi, a part-time employee, and Mr. Zhou until his termination. Her minor children did not receive compensation for occasionally "helping out," and she did not receive compensation. The Bureau's report supported Yums' position. The Court holds the evidence did not sufficiently establish that Yums is subject to the Workers' Compensation Law.

Considering the evidence as a whole, the Court holds that Mr. Zhou is unlikely to prevail at a hearing on the merits and denies the requested benefits at this time. Based on this ruling, the Court finds it unnecessary to address the remaining issues.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Mr. Zhou's claim is denied at this time.

2.  This matter is set for a Scheduling Hearing **on February 11, 2019, at 11:00 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call in may result in a determination of the issues without the parties' participation.

**Entered December 10, 2018**.

_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:

1.  Petition for Benefit Determination, along with attachments.
2.  Dispute Certification Notice, along with additional issues raised by the parties.
3.  Request for Expedited Hearing, along with Mr. Zhou's affidavit.
4.  Employer's Opposition to the Request to a Decision on the Record, along with attachments.
5.  Order Denying Employee's Request for a Decision on the Record.
6.  Motion to Dismiss.

Exhibits:

The parties jointly moved the Technical Record into evidence and identified the exhibits as follows:

1. Petition for Benefit Determination, along with attachments.
2. Dispute Certification Notice, along with additional issues raised by the parties.
3. Request for Expedited Hearing, along with Mr. Zhou's affidavit.
4. Employer's Opposition to the Request to a Decision on the Record, along with attachments.
5. Order Denying Employee's Request for a Decision on the Record.
6. Motion to Dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on December 10, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Qiao Zhou, Self-Represented Employee | | | X | manhattanlaw888@gmail.com |
| Michael Gatlin, Employer's Attorney | | | X | theda@bellsouth.net |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

□ Temporary disability benefits

□ Medical benefits for current injury

□ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: □Employer □Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries      $ _____ per month    Telephone     $ _____ per month

    Electricity     $ _____ per month    School Supplies $ _____ per month

    Water       $ _____ per month    Clothing       $ _____ per month

    Gas        $ _____ per month    Child Care    $ _____ per month

    Transportation $ _____ per month    Child Support $ _____ per month

    Car         $_____ per month

    Other       $ _____ per month (describe: _____)

10. Assets:

    Automobile          $ _____      (FMV) _____

    Checking/Savings Acct. $ _____

    House              $ _____      (FMV) _____

    Other             $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____